UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL SCAGGS and <br> NELLIE SCAGGS, <br>       Plaintiffs, <br>   vs. <br> 3M COMPANY, AS SUCCESSOR BY <br> MERGER TO MINNESOTA MINING <br> & MANUFACTURING COMPANY <br> AND/OR ITS PREDECESSORS/ <br> SUCCESSORS IN INTERST <br> MINE SAFETY APPLIANCES <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:08-CV-01163 ERW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO EXCLUDE
JAMES S. JOHNSON, Ph.D., EXPERT TESTIMONY
RELATING TO THE 3M RESPIRATOR**

This is a product liability case where experts are opining on respirator design and manufacturing defects. Dr. James Johnson was retained by MSA to offer testimony in defense of the MSA Dustfoe 66 and critical of two other masks used by Plaintiff, the 3M 8710 and 8715. Plaintiffs move to exclude Dr. Johnson's criticisms of the 3M products because the testimony is based upon the *ipse dixit* of the expert.

The requirement that the expert testimony be relevant incorporates the traditional relevancy analysis under Rules 401 and 402 (also 702 and 703) of the Federal Rules of Evidence. The expert's testimony must be sufficiently tied to the facts of the case that it will aid the jury in resolving the factual dispute. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). If the expert testimony cannot be factually supported, it is irrelevant, and does not satisfy rule 702's requirement that the

testimony be of assistance to the jury. *Id.* This requirement is universal and does not depend on whether the expert evidence in question pertains to scientific, technical, or some other type of specialized knowledge. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993).

The controlling issue here is whether the opinion about which the expert seeks to testify "fits" the facts of the present case. *Daubert* teaches us that "expert testimony that does not go to any issue in the case is not relevant and, ergo, not helpful." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). The Court further explained that this consideration has been referred to as a "fit" requirement. *Id.* Fit is not always obvious and evidence that is reliable for one purpose is not necessarily reliable for other unrelated purposes. *Id.* In *General Electric Co. v. Joiner*, 118 S. Ct. 512, 519 (1997), the Supreme Court explained the importance of the fit/relevancy requirement, holding that:

> [N]othing in *Daubert* nor the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to the existing data only by the *ipse dixit*[1] of the expert. A court may conclude that there is too great an analytical gap between the data and the opinion proffered.

Consequently, if an analytical gap exists between the facts and opinion, the expert testimony is not admissible. *Id.*

In this case, the Defendant's expert, James Johnson, has offered a variety of opinions critical of the 3M 8710 and the 3M 8715, which are made as "bare assertions" resting on Dr. Johnson's general review of unspecified documents, never provided to Plaintiffs. Likewise, Plaintiffs have not been given the opportunity to cross examine Dr. Johnson's opinions which are allegedly supported by a vague reference to these

---

[1] *Black's* Law Dictionary defines *ipse dixit* as "bare assertion resting on the authority of an individual."

documents because Dr. Johnson was not prepared on these issues at the time he was presented. Dr. Johnson's opinions are meaningless because they are his *ipse dixit* opinions not supported by any specific factual evidence. Consequently, Dr. Johnson offers no opinion on the subject of the 3M 8710 or 8715 masks.

Dr. Johnson admits that he was unprepared to offer testimony on the 3M masks. At his deposition, he only provided a general outline of "bullet points" in which he was offering criticism of the 3M 8710. Dr. Johnson tendered some limited 3M documents he was relying upon and then offered the following description:

> So I may struggle with trying to give you specific documents today. But I can – certainly we can go over the outline of points and provide you with those in the next week or so, or actually maybe next month, if you don't mind, or sometime I will get them for you, because I'm about ready to go on a trip for a while.

*See,* Exhibit 1, Johnson Depo. 47/7-47/19.   Dr. Johnson then admitted that he did a "lousy" job in being able to identify 3M documents that supported his opinion.

> I have done a lousy job on it, so I'm not ready to point them out. But with a little time, we can certainly point to those and get them for you.

*Id.* Dr. Johnson's testimony demonstrates a lack of preparedness in identifying 3M Company documents which support his criticisms. For example, he is critical of 3M and alleges the 3M 8710 did not pass the silica dust test under 30 C.F.R. § 11.140-5, but he could not find the documents to support his opinion.

> Q:   Do you have any documents here that you are relying upon that reveal or illustrate that the 3M mask did not pass the silica dust test?
>
> A:   Yes, I've got them, but you know what, I didn't organize them. So I am going to have to spend some time

3

> hunting through them if you'd like to have them go with
> each bullet.

*Id.* at 43/11-43/19.  As the deposition proceeded, Dr. Johnson could not identify any documents reflecting silica dust failures and continued to describe his own unpreparedness.  When asked about his next "bullet point" of criticism of the 3M 8710 relating to 3M's quality control testing, Dr. Johnson concedes:

> You know, I don't – I guess that's one that I messed up on.
> <u>Really all of these I don't have specifics.</u>  It's just going
> through and developing these bullets or these summary
> conclusions is what I can give you right now.

*Id.* at 48/4-48/8 (emphasis added).  Admitting that he "messed up" in not having the specifics on <u>all</u> of his opinions, Dr. Johnson rendered his own opinions as nothing more than *ipse dixit.*  He further admitted that he could offer no opinions of the 3M 8715 (another respirator used heavily in the ISP plant) because he did not have any information to review:

> Well, I'll, the focus that I will stay on is the 8710, and
> certainly the 8715 came in, and I don't – I don't have a lot
> of information to go after that.

*Id.* at 42/4-6.  Once Dr. Johnson admitted that he did not "have the specifics" to support his testimony criticizing the 3M 8710 and 8715, an analytical gap between his opinions and the evidence become evident.  This analytical gap precludes Dr. Johnson from offering any testimony relating to the 3M respirators.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 591; *General Electric Co. v. Joiner*, 118 S. Ct. at 519.  This type of testimony is not allowed by Federal courts and must be excluded as inherently unreliable and irrelevant under Rules 702 and 703.

Plaintiffs therefore move that any testimony offered by Dr. Johnson relating to the 3M respirators at issue in this case be excluded because the opinions are not supported by any factual evidence.

Respectfully submitted,

MALONEY★MARTIN, LLP


 /s/ Mike Martin
Mike Martin
Federal #5200604
TX #13094400
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
Telephone:  (713) 759-1600
Facsimile:   (713) 759-6930
E-Mail: mmartin@maloneymartinllp.com


Zane Cagle
MO #53775, Fed. #499604
Metropolitan Square
211 North Broadway, Suite 2420
St. Louis, MO  63102
T:  (314) 241-1700
F:  (866)387-8590
E-Mail:  zane@pagecagle.com

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the   15th    day of September, 2010.

/s/ Mike Martin
MIKE MARTIN