UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL SCAGGS and NELLIE SCAGGS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>3M COMPANY, AS SUCCESSOR BY )<br>MERGER TO MINNESOTA MINING & )<br>MANUFACTURING COMPANY AND/OR )<br>ITS PREDECESSORS/SUCCESSORS IN )<br>INTEREST )<br>and )<br>MINE SAFETY APPLIANCES, )<br>)<br>Defendants. ) | Cause No. 4:08-CV-01163 |

## MSA'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID DINKINS

MSA moves this Court to exclude David Dinkins testimony regarding the respirable dust conditions present at ISP Minerals before 1974 and any testimony based on Exhibit 3 to Mr. Dinkins deposition.

A trial judge faced with a proffer of expert testimony must determine at the outset whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-593 (1993). This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* "Proposed testimony must be supported by appropriate validation-i.e., "good grounds" based on what is known." *Id.* at 590.

David Dinkins, ISP Minerals representative, was deposed on August 18, 2010. *See* **Exhibit A**, Deposition of David Dinkins. Mr. Dinkins is not an industrial hygienist. During Mr.

1

Dinkins deposition, he offered testimony regarding the respirable dust conditions at ISP from the time the plant opened in the mid 1960s onward. Mr. Dinkins opinions on the respirable dust conditions at ISP are based on Exhibit 3 to his deposition. *See* **Exhibit B**, Dinkins Exhibit 3. Exhibit 3 consists of tables and graphs purporting to reflect certain data dust sampling data allegedly performed at ISP. *See* Exhibit B at 164. Mr. Dinkins does not know who compiled Exhibit 3, when it was complied, or how it was complied. *Id.* at 165-175. He does not know the source of the information from which the data was taken. *Id.* at 175. Exhibit 3 purports to contain air sampling data beginning in 1974.

Despite the fact that the data contained in Exhibit 3 does not begin until 1974, Mr. Dinkins used the data in Exhibit 3 to opine that ISP was generally dustier in the early years of operation than it was in later years. *Id.* at 32. Mr. Dinkins' opinions on the dust conditions at the plant prior to 1974 must be excluded as there is no factual support for his opinions. Indeed, Mr. Dinkins' opinions are expressly not based on any air sampling data from before 1974. Also, he does not know enough about the dust collection and suppression systems in place or the production quantities sufficient to make any valid conclusion about what dust conditions were like at ISP prior to 1974. Furthermore, Mr. Dinkins' opinions on the respirable dust conditions at the plant from 1974 to 2006, the years encompassed in Exhibit 3, are similarly not properly supported because Mr. Dinkins' own testimony reveals that he does not know the source of the information in Exhibit 3, and does not know when, how, or by whom Exhibit 3 was complied. There is simply no validation or "good grounds" for Mr. Dinkins' opinions on the respirable dust conditions at ISP. *Daubert,* 509 U.S. at 590.

As Mr. Dinkins' testimony regarding the respirable dust conditions at ISP Minerals cannot be factually supported, it is irrelevant. *Daubert,* 509 U.S. at 591. MSA moves to exclude

Mr. Dinkins opinions regarding the respirable dust conditions at ISP Minerals prior to 1974 and any of his opinions on the respirable dust conditions at ISP based on Exhibit 3.

/s/ Anne B. Callahan
Anne B. Callahan # 5273655
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
Telephone: (314) 621-2939
Facsimile: (314) 621-6844
acallahan@lashlybaer.com

ATTORNEY FOR DEFENDANT MINE SAFETY APPLIANCES COMPANY

**PROOF OF SERVICE**

I hereby certify that on September 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

- Zane T. Cagle – zane@caglellc.com
- John J. Kurowski - jkurowski@cateskurowski.com
- Lawrence R. King – lking@larsonking.com
- Candice Kusmer – ckusmer@kbslf.com
- Michael B. Martin – mbmartin@maloneymartinllp.com
- W. Jeffrey Muskopf – jmuskopf@lashlybaer.com
- Bernadette Weaver-Catalana – bcatalana@osbornreed.com

/s/ Anne B. Callahan