UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL SCAGGS and<br>NELLIE SCAGGS,<br><br>    Plaintiffs,<br><br>v.<br><br>3M COMPANY, AS SUCCESSOR BY<br>MERGER TO MINNESOTA MINING &<br>MANUFACTURING COMPANY AND/OR<br>ITS PREDECESSORS/SUCCESSORS IN<br>INTEREST<br>and<br>MINE SAFETY APPLIANCES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 4:08-CV-01163 ERW<br>**JURY TRIAL DEMANDED** |

## <u>MSA'S RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE JAMES S. JOHNSON, Ph.D., EXPERT TESTIMONY RELATING TO THE 3M RESPIRATOR</u>

Comes now Defendant Mine Safety Appliances Company ("MSA") and for its Response to Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator ("Plaintiffs' Motion"), and states as follows:

### <u>BACKGROUND</u>

This case is one of four companion cases currently pending in the Eastern District of Missouri.[1] In each case, Plaintiffs allege the use of an MSA Dustfoe respirator "in the early part of his work career at ISP minerals." Plaintiffs also allege the use of various 3M respirators throughout the duration of their employment. Plaintiffs further allege that both MSA and 3M respirators failed to perform properly, thereby causing or contributing to cause Plaintiffs to develop silica-induced airway obstruction. Plaintiffs' designated Dr. Johnson as their own expert

---

[1] The companion cases are *Robert Firebaugh v. 3M, et al.*, pending in Judge Webber's court; *Olen Midkiff v. 3M, et al.*, pending in Judge Stohr's court; *Robert Savage v. 3M, et al.*, pending in Judge Shaw's Court.

1

to offer options critical of the 3M respirator. Attached as **Exhibit A** is Plaintiffs' Supplemental Designation of Expert Testimony listing Dr. Johnson as their expert. Defendant 3M has reached a settlement agreement with Plaintiffs in all four companion cases, and as a result Plaintiffs no longer desire criticisms of 3M respirators to be introduced into evidence in these cases. Therefore, Plaintiffs have moved to exclude James S. Johnson, Ph.D.'s expert testimony regarding 3M respirators. Before their settlement with 3M, Plaintiffs endorsed Dr. Johnson as a qualified expert with scientifically valid and supported opinions as to the 3M respirator. Now that 3M has settled, Plaintiffs have taken the exact opposite position. The simple truth of the matter is that Plaintiffs have no legitimate quarrel with Dr. Johnson's opinions or the basis for those opinions.

## ARGUMENT

Pursuant to Federal Rule of Evidence 702, "a qualified expert witness's opinion is admissible if, among other things, 'it is based upon sufficient facts or data'." *Menz v. New Holland North America, Inc.*, 307 F.3d 1107, 1114 (8th Cir. 2007), *quoting* Federal Rule of Evidence 702. "The rule is clearly one of admissibility rather than exclusion." *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 448 (8th Cir. 2008). The exclusion of an expert's opinion is proper only where it is so fundamentally unsupported that it can offer no assistance to the jury. *Id.*

Plaintiffs' Motion claims that Dr. Johnson's opinions critical of the 3M 8710 and 3M 8715 are his *ipse dixit* ("bare assertion resting on the authority of an individual") opinions not supported by any specific factual evidence and therefore should be excluded. On the contrary, Dr. Johnson's testimony clearly reveals that each of his opinions critical of 3M respirators is supported by specific factual evidence. Moreover, "as a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the

2

opposing party to examine the factual basis for the opinion in cross-examination." *Synergistics, Inc. v. Hurst*, 477 F.3d 949, 955 (8th Cir. 2007).

Dr. Johnson testified that the opinions offered during his deposition were based on his 50 to 60 years of experience working in industrial hygiene and all the documents produced to him in this case, including all 3M documents. *See* **Exhibit B**, Deposition of James S. Johnson, Ph.D., taken September 3, 2010, pg. 183. Plaintiffs' Motion asserts that Dr. Johnson "only provided a general outline of 'bullet points' in which he was offering criticism." (*See* Plaintiffs' Motion, pg. 3). In fact, Plaintiffs' counsel specifically requested Dr. Johnson's "bullet point criticisms."[2] *Id.* at 41-42. Dr. Johnson agreed to provide Plaintiffs' counsel with the bullet point criticisms based on "the 3M documents that I have, as well as my personal professional career experience." *Id.* at 42. Further, as Plaintiffs themselves stated in their disclosure of Dr. Johnson as their own expert, his qualifications include a master's degree in air pollution and industrial hygiene and a doctorate in inorganic and organic chemistry, his status as a certified industrial hygienist, his employment by the Lawrence Livermore National Laboratory where his responsibilities included industrial hygiene and respirators, and his membership on the American National Standards (ANSI) Z-88 committee on respiratory protection. Most importantly, Dr. Johnson testified that he did in fact have documents to go with each of his bullet points, but that they were not organized, and so he told Plaintiffs' counsel "I am going to have to spend some time hunting through them if you'd like to have them to go with each bullet." *Id.* at 43. Plaintiffs' counsel responded "we can do that maybe at a break to save time if it's even necessary to come back to it." *Id.*

---

Q:  I want to try to kind of avoid a long narrative. Could you give me your bullet point criticisms of any of the 3M respirators that were used at the ISP plant, whether they be the 8710 or some other type?

3

The following is a summary of the criticisms Dr. Johnson provided in his deposition, as well as the bases for those criticisms:

- The quality control silica dust test 3M performed on the 8710 did not meet the applicable regulatory standards, and 3M was aware of this non-compliance. *Id.* at 42-43. Dr. Johnson testified that documents indicating that the 8710 did not pass the silica dust test were marked and/or identified in his deposition. *Id.* at 43.

- The respirator straps had issues with length, breakage, stretching, and attachment. *Id.* at 44. 3M was aware of the many issues relating to problems with the straps. *Id.* Dr. Johnson testified that he "can personally recall issues with [the straps], and it was clearly identified in correspondence that's around … I believe that there was even one document that they were told to stop sales." *Id.* He further testified that there is "correspondence about issues and activities" regarding the attachment of the straps to the 8710. *Id.*

- The 8710 had pressure drop issues. *Id.* at 44-45. When asked about 3M documents relating to problems with pressure drop, Dr. Johnson testified, "I have seen a lot of them… I've certainly read them and that's been in the packet somewhere." *Id.* at 46.

- The DOP test that 3M performed in lieu of the silica dust test was problematic, and 3M knew that the DOP test did not correlate to the silica dust test. *Id.* at 45-46. Dr. Johnson testified that there are letters and internal memos he reviewed "that are really very damning to the quality of the 3M respirator that was being manufactured and sold, looking at those DOP tests versus what you would expect from a silica dust test." *Id.*

- The 8710 and 8715 had collapse issues. *Id.* at 48, 53. Dr. Johnson testified that 3M knew they had major problems with collapse and there is "a lot of reference in the internal 3M documents that point to that as a problem." *Id.* at 48-49. Dr. Johnson further testified that collapse of the 8710 and 8715 would have contributed to Plaintiff's overexposure to silica. *Id.* at 52-53.

- 3M's marketing strategy of the 8710 was "shocking." *Id.* at 49. Dr. Johnson's testimony regarding the marketing strategy makes clear that his opinion is based on review of internal 3M memoranda and correspondence. *Id.* at 49-50.

- The APF (assigned protection factor) of the mask was low. *Id.* at 51. Dr. Johnson testified that 3M internal memos recognized this problem. *Id.*

- The respirator softened over time. *Id.* at 53. Dr. Johnson noted that this problem was noted in 3M quality assurance reports or summary documents. *Id.*

Plaintiffs' disclosure (**Exhibit A**) of Dr. Johnson's opinions is remarkably similar to his deposition testimony:

- "Dr. Johnson may offer an opinion as to the correct protection factor to be applied to the 3M 8710 in light of the limitations created by the 3M 8710 as a valveless respirator.

- "Dr. Johnson may testify as to the difficulty or impossibility of performing an adequate fit check on a valveless respirator and that the 3M 8710 (*sic*) failed to inform the user on the difficulty of this test.

- "Dr. Johnson may testify as to the lack on an adequate fit test agent to test the 3M 8710 in order for it to comply with ANSI standards and OSHA standards.

- "Dr. Johnson may offer testimony that the 3M 8710 failed to meet the Federal regulatory approval and certification requirements of 30 CFR part 11. Specifically, Dr. Johnson may offer testimony that the 3M 8710s failed the silica penetration requirements and the breathing resistance requirements as prescribed by 30 CFR § 11.140-5 and 30 CFR § 1.14-9. Dr. Johnson will testify that these failures caused leakage of the respirator when worn. Consequently, 3M sold the 8710 in violation of its quality control plan and quality control regulations enumerated in 30 CFR § 11.41 et seq. By selling the 3M 8710 in violation of its quality control plan and in violation of federal approval regulations, 3M committed fraud by representing that the 3M 8710 was a NIOSH approved respirator, when it was not.

- "Dr. Johnson may also offer testimony that the failure of 3M to comply with NIOSH approval regulations causes the 3M 8710 to leak resulting in Plaintiff's inhalation of silica dust. Dr. Johnson may testify that breathing resistance violations, also known as pressure drop, increased the leakage of the mask. Dr. Johnson may also testify that silica penetration violations as reflected by 3M's own testing data of the 8710 reveal that there was leakage of silica through the filter.

- "Dr. Johnson may offer testimony on the adequacy of 3M's quality control test (known as the DOP) test and that such a test is not adequate to accurately determine if the 3M 8710 was in compliance with the federal silica dust regulations."

Plaintiffs' Motion further claims that Dr. Johnson's opinions are based on documents that were never provided to Plaintiffs. However, 3M represented to MSA that Plaintiffs' counsel had been provided with all of the relevant documents. *See* Exhibit A, pp. 9, Exhibit 15. During Dr. Johnson's deposition, Plaintiffs' counsel recognized that he may already have all the documents and also that 3M represented to him that all of the documents he requested in the case had previously been produced. *Id.* at 8. MSA offered to provide to Plaintiffs' counsel a copy of all the documents 3M had produced to MSA on which Dr. Johnson relied during his deposition on the day of Dr. Johnson's deposition, but Plaintiffs' counsel stated that he did not need the documents on that day. *Id.* at 12-13. Plaintiffs' cannot now attempt to exclude Dr. Johnson's testimony on the basis that they were not provided the documents, when they turned down the opportunity to be provided with the documents. Furthermore, Plaintiffs' counsel stated that he may already have they documents on which Dr. Johnson relied, and there is no indication to the contrary. MSA cannot be held responsible for knowing what 3M has produced to Plaintiffs in this matter.

Contrary to Plaintiffs' assertions, there is absolutely no analytical gap between the facts which form Dr. Johnson's opinions on 3M respirators and the existing data. Courts excluding expert testimony on the basis that the opinions were *ipse dixit* have so held because the opinions were based on speculation or conjecture. *See J.B. Hunt Transport, Inc. v. General Motors Corporation*, 243 F.3d 441, 444 (8th Cir. 2001); *Menz*, 307 F.3d 1107, 1114. Clearly, Dr. Johnson's opinions regarding 3M respirators are based on his review of 3M documents and his personal professional experience as an industrial hygienist, not on speculation or conjecture. Therefore, his opinions are not *ipse dixit* or "bare assertions." Plaintiffs' counsel's choice not to further develop Dr. Johnson's opinions and criticisms on the 3M respirators or to ask Dr.

Johnson to sort through the available documents, which were available at the deposition, and provide Plaintiffs' counsel with the documents on which he based his opinions do not rob Dr. Johnson's opinions of a factual basis. If Plaintiffs would like to attack the factual basis for Dr. Johnson's opinions, they may do so at trial, as the factual basis of an expert's opinion goes to the credibility of the testimony, not the admissibility. *Synergistics, Inc. v. Hurst*, 477 F.3d at 955. Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking admissible evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993).

## CONCLUSION

Dr. Johnson's opinions regarding 3M respirators are based on sufficient facts and data and will assist the jury in determining a fact in issue, i.e., whether the 3M respirators were defective, and therefore his opinions are admissible pursuant to Federal Rule of Evidence 702. Therefore, MSA respectfully requests that Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator be denied, and requests all such other and further relief to which it may be entitled.

/s/ Anne B. Callahan
W. Jeffrey Muskopf - #71431
Anne B. Callahan # 5273655
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
Telephone: (314) 621-2939
Facsimile: (314) 621-6844
jmuskopf@lashlybaer.com
acallahan@lashlybaer.com

ATTORNEYS FOR DEFENDANT MINE
SAFETY APPLIANCES COMPANY

## PROOF OF SERVICE

I hereby certify that on September 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

- Zane T. Cagle – zane@caglellc.com
- John J. Kurowski - jkurowski@cateskurowski.com
- Lawrence R. King – lking@larsonking.com
- Candice Kusmer – ckusmer@kbslf.com
- Michael B. Martin – mbmartin@maloneymartinllp.com
- W. Jeffrey Muskopf – jmuskopf@lashlybaer.com
- Bernadette Weaver-Catalana – bcatalana@osbornreed.com

/s/ Anne B. Callahan