UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL SCAGGS and | ) | |
| NELLIE SCAGGS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-CV-01163 ERW |
| | ) | |
| 3M COMPANY, AS SUCCESSOR BY | ) | |
| MERGER TO MINNESOTA MINING | ) | |
| & MANUFACTURING COMPANY | ) | |
| AND/OR ITS PREDECESSORS/ | ) | |
| SUCCESSORS IN INTERST | ) | |
| MINE SAFETY APPLIANCES | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO MSA'S EMERGENCY MOTION TO COMPEL DISCLOSURE OF SETTLEMENT AMOUNT PROMISED OR RECEIVED BY PLAINTIFFS FROM 3M COMPANY AND FOR REDUCTION OF ANY POTENTIAL JUDGMENT AGAINST MSA**

Comes now, Plaintiffs in the above styled case and files this response to Defendant's request to disclose settlements.

MSA's files an "emergency" motion to compel disclosure of settlement amounts paid by 3M company "in order to meaningfully evaluate the settlement value of this cause." *See, Defendant's Motion supra. p. 2.* Plaintiff objects to the characterization of this matter as an "emergency". This information is not relevant to settlement discussions that might occur with MSA. The information is only relevant to the responsibility of the trial court to "reduce the amount recovered by the amount of the settlement" in the event of a verdict. *Walihan v. St. Louis-Clayton Orthopedic Group, Inc.* 849 S.W. 2d 177, 182 (Mo. App. 1993). Therefore, disclosure of confidential settlement amounts before the

1

rendition of any verdict is unnecessary because this court has no need to reduce the amount of the verdict since one has not been taken.

The Plaintiffs have signed and executed a settlement agreement with 3M which also included a confidentiality and nondisclosure agreement. The Plaintiffs are bound to honor the contractual terms of that agreement and cannot disclose this information to MSA. If this matter goes to trial, the Plaintiffs will be required to disclose to the trial court the amount of the settlement with 3M and it will be the responsibility of the trial court to reduce the amount of a verdict in a dollar for dollar offset, if a verdict is rendered in favor of the Plaintiffs against MSA. Under § 537.060 of the Missouri Annotated Statutes, this is the only time such a disclosure of settlement information would be appropriate.

This matter was squarely addressed in *Hogan v. Armstrong World Industries,* 840 S.W. 2d 230 (Mo. App. 1992) which involved a settlement for asbestosis and the right of offset from the verdict. In *Hogan,* the Defendants primarily asserted a statute of limitations defense, claiming that Plaintiffs condition of asbestosis was not capable of ascertainment until he learned of a diagnosis. *Id.* at 234 *citing*, *Elmore v. Owens-Illinois, Inc.*, 673 S.W. 2d 434 (Mo. Banc 1984).

The *Hogan* opinion literally applied § 537.060 and held that the total amount of the negotiated settlements should be applied to the verdict and other extraneous information relating to the settlements is not relevant. *Id.* at 235. Consequently, the only time that confidential negotiated settlements should be disclosed for purposes of offset is *after* rendition of the verdict, not before. *Id.* To disclose this information now serves no purpose except to thwart the intended agreement between 3M and Plaintiffs to maintain

2

confidentiality. If this case goes to trial and in the highly unlikely event no verdict is rendered for the Plaintiffs, the disclosure of this information before verdict would not have served the purpose of § 537.060 because there would be no need for offset. Plaintiffs aver that any disclosure of settlement information at this time is untimely and ask that the Defendant's motion be denied.

                Respectfully submitted,

                MALONEY★MARTIN, LLP

                _/s/ Mike Martin_
                Mike Martin
                Federal #5200604
                TX #13094400
                The Clocktower Building
                3401 Allen Parkway, Suite 100
                Houston, Texas 77019
                Telephone: (713) 759-1600
                Facsimile: (713) 759-6930
                E-Mail: mmartin@maloneymartinllp.com

                Zane Cagle
                MO #53775, Fed. #499604
                Metropolitan Square
                211 North Broadway, Suite 2420
                St. Louis, MO 63102
                T: (314) 241-1700
                F: (866)387-8590
                E-Mail: zane@pagecagle.com

                **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or

via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the   4th   day of October, 2010.

                 /s/ Mike Martin
                 MIKE MARTIN