UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL SCAGGS, and NELLIE SCAGGS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>3M COMPANY, and MINE SAFETY )<br>APPLIANCES COMPANY, )<br>)<br>Defendants. ) | Case No. 4:08CV01163 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on MSA's Emergency Motion to Compel Disclosure of Settlement Amount Promised or Received by Plaintiffs from 3M Company and for Reduction of any Potential Judgment Against MSA [doc. #115]. The Court held a hearing on this Motion on October 14, 2010.

Defendant Mine Safety Appliances Company ("MSA") filed the pending Motion, seeking disclosure of the amount of the settlement agreement between Plaintiffs and Defendant 3M Company. The Court finds that this information is not subject to disclosure at this time. The amount of the settlement agreement would certainly need to be disclosed if judgment is entered in this case against MSA. *See* Mo. Rev. Stat. § 537.060 ("Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution . . . . When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, . . . such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration

paid, whichever is greater."). However, there is still a real possibility that the terms of the settlement agreement will not have to be disclosed in this case at all, if MSA prevails at trial or if Plaintiffs and MSA reach a settlement before that time. Moreover, Plaintiffs and Defendant 3M are bound by the confidentiality clause in the settlement agreement that prohibits disclosure of the terms of the agreement, and the Court is hesitant to interfere with this agreement without a substantial showing on the part of MSA. The Court is also persuaded by Defendant 3M's argument that requiring disclosure of confidential settlement agreements in multiple defendant cases would create a disincentive to settle early in the case.

Thus, the Court concludes that it is inappropriate to compel the disclosure of Plaintiffs' and Defendant 3M's confidential settlement agreement at this time.

Accordingly,

**IT IS HEREBY ORDERED** that MSA's Emergency Motion to Compel Disclosure of Settlement Amount Promised or Received by Plaintiffs from 3M Company and for Reduction of any Potential Judgment Against MSA [doc. #115] is **DENIED**.

Dated this 15th Day of October, 2010.

                                                      E. RICHARD WEBBER
                                                      UNITED STATES DISTRICT JUDGE